NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN E. HESS,  Plaintiff,  v.  MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,  Defendant. | Civ. No. 09-809 (AET)  **MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff Stephen E. Hess's appeal of a final administrative decision by Defendant Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). This Court has jurisdiction to decide the matter, pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the decision of the Commissioner is affirmed.

BACKGROUND

Plaintiff, 51, is married and lives with his wife and son. Plaintiff has a high school diploma, has completed college course work but did not receive a college degree. Plaintiff's prior work experience includes employment as a truck driver for a furniture delivery service and as an Emergency Medical Technician ("EMT").

On February 11, 2005, Plaintiff filed an application for disability and DIB alleging a disability onset date of November 8, 2003 ("disability onset date"). The claim was denied both initially and on reconsideration. On February 21, 2007, Plaintiff's case was heard before an Administrative Law Judge ("ALJ"), the Honorable Michael Lissek.

At the hearing, Plaintiff testified that he took medical leave from his EMT job in May 2002 due to a severe chronic cough, which Plaintiff alleges was the product of exposure to toxins related to the collapse of the World Trade Center towers. Plaintiff testified that he returned to work to a desk job in November 2002. Plaintiff testified that he continued in that position until November 2003, at which point he ceased work due to severe leg pain. Plaintiff testified that in February 2004, doctors attributed the inflamation and swelling of Plaintiff's leg to reactive arthropathy. Plaintiff also testified that he complained of fatigue at that time.

Plaintiff testified that, due to his leg, he is unable to sit or stand for periods of time exceeding 20 minutes and that he cannot lift anything in excess of ten pounds. Plaintiff testified that he suffers from chronic fatigue, severe obstructive sleep apnea, and that he has spinal stenosis, which causes back pain. Plaintiff has been prescribed numerous medications but believes his condition will not improve and that the medication now only serves to control the pain, not completely remove it. Plaintiff testified that he is able to do minor tasks at home, such as conventional chores, but not much else. Plaintiff testified that two examining physicians have diagnosed his as permanently disabled.

Also at the hearing, a medical expert, Dr. Martin Fechner, testified that Plaintiff has lower back pain due to a disc bulge. Dr. Fechner testified that the state of Plaintiff's lungs restricts Plaintiff to light physical activity. The medical expert confirmed that Plaintiff's sleep apnea has

been addressed with the use of a C-PAP machine[1]. The medical expert also testified that what Plaintiff believes to be arthritis is actually arthralgias–pain without any objective findings on the joints–because, while Plaintiff feels pain, Plaintiff does not experience arthritic symptoms such as redness, swelling, etc. The medical expert concluded Plaintiff's impairments do not meet the criteria for any listing of severe impairment located in 20 C.F.R. Part 404, Subpart P, App. 1. Dr. Fechner did find that Plaintiff should be limited to sedentary activity in an environment that has a minimal amount of pulmonary irritants and an environment that is not very cold.

After the presentation of evidence and testimony, Judge Lissek found that: (1) Plaintiff was 45 years old on the alleged disability onset date; (2) Plaintiff met the insured status requirements of the Act through December 31, 2008; (3) Plaintiff has not engaged in substantial gainful activity since November 8, 2003; (4) Plaintiff has severe impairments of polyarthralgia and a respiratory system disorder with sleep apnea; (5) Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, App. 1; (6) Plaintiff has the residual functional capacity to perform sedentary work, but is prohibited from working in cold temperatures, or in an environment containing undue amounts of dust, or more than a minimal amount of known pulmonary irritants; (7) Plaintiff is unable to perform any past relevant work; (8) Plaintiff has at least a high school education and is able to communicate in English; (9) transferability of job skills is not material to the determination of disability; (10) there are jobs that exist in significant number within the national economy that Plaintiff can perform; and, (11) Plaintiff has not been under a disability, as defined in the Act,

---

[1] A C-PAP machine reduces or prevents sleep apnea by creating air pressure that keeps the airways open so that unobstructed breathing becomes possible.

from November 8, 2003 through the date of the decision. Plaintiff requested a review of the ALJ's decision but was denied, and now appeals to this Court.

## DISCUSSION

A. Standard of Review

A reviewing court must affirm the ALJ's decision where it is based on correct legal standards and its factual findings are supported by substantial evidence in the record. 42 U.S.C. §§ 405(g), 1383(c)(3); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008) (citation omitted).

B. Standard for Disability Benefits Under the Social Security Act

The Social Security Administration employs a five-step process to determine whether an applicant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner must determine whether the claimant has engaged in substantial gainful activity since his alleged disability onset date. Id. §§ 404.1520(b), 416.920(b). If not, the Commissioner next determines whether the claimant has an impairment or combination of impairments that is severe. Id. §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner considers whether the impairment meets the criteria of an impairment listed in App. 1 of 20 C.F.R. Part 404, Subpart P or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, the Commissioner proceeds to step four. Id. §§ 404.1520(d), 416.920(d). In step four, the Commissioner determines whether, despite the severe impairment, the claimant retains the residual functional capacity to perform his past relevant work. Id. §§ 404.1520(e)-(f),

416.920(e)-(f). The claimant bears the ultimate burden of establishing steps one through four. At step five, the burden shifts to the Social Security Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and residual functional capacity. Poulos v. Commissioner of Social Security, 474 F.3d 88, 91-92 (3d Cir. 2007) (internal citations omitted).

C.  Commissioner's Disability Determination

Following this five-step procedure, Judge Lissek first determined that Plaintiff had not engaged in substantial gainful activity since the disability onset date. Second, the ALJ determined that Plaintiff has severe impairments of polyarthralgia and a respiratory system disorder, in addition to sleep apnea. Judge Lissek found that Plaintiff's condition does not meet the equivalent of any impairment in the listed impairments located in 20 C.F.R. Part 404, Subpart P, App. 1. Fourth, the ALJ determined that Plaintiff is unable to perform any past relevant work. Fifth, the ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work, but is prohibited from working in cold temperatures, or in an environment containing undue amounts of dust or more than minimal amounts of known pulmonary irritants. Judge Lissek found that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform so, therefore, Plaintiff is not disabled.

D.  Analysis of the Commissioner's Disability Determination

On appeal, Plaintiff contends that the ALJ's decision to refuse the award of disability benefits was arbitrary, capricious, incorrect, and not supported by substantial evidence. The

Plaintiff asserts specifically that, since November 26, 2004, he has been and continues to be "disabled" as that term is defined in 42 U.S.C. §§ 416(i), 423.

    1.    <u>The ALJ's Refusal to Award Benefits was not Arbitrary or Capricious.</u>

In reaching his determination on the Plaintiff's right to receive benefits, Judge Lissek followed the five-step process employed by the Social Security Administration in DIB cases. The process, as set out above, allows for a determination of the Plaintiff's medical condition and whether the condition prevents him from preforming substantial gainful activity, thus rendering him disabled. The ALJ went through each step sequentially as required, and reached a determination that the Plaintiff could perform substantial gainful activity, so he is not disabled. The Court finds the ALJ correctly followed the five-step process to reach his determination, that the decision is supported by substantial evidence, and therefore, the denial of benefits was not arbitrary or capricious.

    2.    <u>The ALJ's Decision was Supported by Substantial Evidence.</u>

In reaching his determination, the ALJ reviewed Plaintiff's medical history and presided over a hearing where the Plaintiff and an independent medical expert testified. After reviewing the totality of the evidence, the ALJ determined that the independent medical expert and the independent examining physician, Dr. William Lathan, gave the most credible evidence. Judge Lissek also determined that while the Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of which he complains, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. Also, the ALJ gave little weight to the broad statements made by three doctors that have worked with Plaintiff because they are contrary to objective medical evidence and treatment notes

as a whole. Based on the review of the evidence, this Court finds there is substantial evidence to support the ALJ's decision.

      3.     The ALJ's Determination that Plaintiff is not Disabled under the Definition of Disability from 42 U.S.C. § 416(i).

Plaintiff alleges that he is disabled under the definition of the term "disability" codified in 42 U.S.C. § 416(i). Section 416(i) defines "disability" as an "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." Id. Applying this definition, the ALJ determined Plaintiff does not suffer from a disability because Plaintiff can engage in substantial gainful activity. After citing the testimony of Drs. Fechner and Lathan, the ALJ found that Plaintiff's residual functional capacity allows him to perform sedentary work with only minor restrictions. The ALJ also concluded that Plaintiff retains the capacity to perform the exertional demands of sedentary work which requires lifting and carrying objects weighing up to ten pounds; frequently lifting and carrying objects weighing less than ten pounds; and, standing and walking for up to two hours and sitting for up to six hours in an eight-hour day. The ALJ concluded that Plaintiff's residual capacity, combined with Plaintiff's age, education, and work experience, permits Plaintiff to engage in substantial gainful activity through jobs that exist in significant number in the national economy. Thus, the ALJ determined Plaintiff is not disabled under the definition provided in 42 U.S.C. § 416(i). The Court concludes the ALJ applied the correct legal standard and that his finding was supported by substantial evidence. Therefore, the Court finds that the decision of the ALJ should be affirmed.

      4.     The ALJ's Determination that Plaintiff is not Disabled under the Definition of

Disability from 42 U.S.C. § 423.

Plaintiff also alleges that he is "disabled" as that term is defined in 42 U.S.C. § 423. "The term 'disability' means an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). Furthermore, Section 423(d)(2)(A) states "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. As explained previously, the Court finds that the ALJ's determination that there are jobs available to Plaintiff, in significant numbers, within the national economy, which Plaintiff can perform that would result in substantial gainful activity, was based on the correct legal standards and supported by substantial evidence on the record. Therefore, the Court finds the decision of the ALJ should be affirmed.

## CONCLUSION

For the reasons given above, and for good cause shown,

IT IS on this 7th day of July, 2009,

ORDERED that the decision of the Commissioner is AFFIRMED.

                                                  s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.